# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EDDIE JINNIS,**
**Claimant Below, Petitioner**

**vs.)   No. 15-1126**  (BOR Appeal No. 2050423)
(Claim No. 2013013411)

**SUMMIT ENVIRONMENTAL SERVICES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Eddie Jinnis, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Summit Environmental Services, LLC, by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2015, in which the Board affirmed an April 3, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 4, 2014, decision denying a request to add left hip derangement as a compensable component of Mr. Jinnis's claim for workers' compensation benefits.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] The claims administrator's decision also stated that a request from Mr. Jinnis's treating physician to add internal derangement of the left knee as a compensable diagnosis is moot. The record clearly demonstrates that Mr. Jinnis did not appeal the portion of the claims administrator's decision finding that the request to add left knee derangement as a compensable diagnosis is moot to the Office of Judges.

1

On August 6, 2012, Mr. Jinnis injured himself while attempting to escape a furnace fire. He initially sought treatment in the emergency department of Norton Community Hospital where he was diagnosed with second degree burns, a right wrist sprain, and a left knee injury. His claim for workers' compensation benefits was initially held compensable for overexertion/sudden strenuous movement, second degree burns of the wrist, an unspecified lower leg injury, and an unspecified sprain of the wrist.

Mr. Jinnis sought follow-up care with Jiab Suleiman, D.O., who initially noted that Mr. Jinnis complained of left knee pain. During an office visit that occurred on November 5, 2012, Dr. Suleiman opined that Mr. Jinnis has fully healed and is not experiencing any further problems. However, approximately one year later, Dr. Suleiman noted that Mr. Jinnis began complaining of left knee and left hip pain. On December 2, 2013, Dr. Suleiman completed a diagnosis update request in which he requested that derangement of the left knee and derangement of the left hip be added as compensable diagnoses.

On February 17, 2014, Rebecca Thaxton, M.D., performed a records review and opined that the diagnoses of left hip derangement and left knee derangement should not be added as compensable components of the claim. Dr. Thaxton noted that prior to Dr. Suleiman's diagnosis update request, he opined in a treatment note that Mr. Jinnis had fully healed with respect to the August 6, 2012, injury. She further noted that diagnostic imaging failed to reveal any internal derangement in the left knee, and also noted that Dr. Suleiman has not related Mr. Jinnis's complaints of left hip pain to the August 6, 2012, injury. On February 24, 2014, the claims administrator denied Dr. Suleiman's request to add left hip derangement and left knee derangement as compensable diagnoses. The claims administrator issued a corrected decision on April 4, 2014, indicating that the request to add internal derangement of the left hip as a compensable diagnosis is denied. The decision also stated that because the left knee is already a compensable body part, the request to add internal derangement of the left knee as a compensable diagnosis is moot.[2] Finally, in an addendum report dated September 16, 2014, following an independent medical evaluation performed on July 24, 2014, William Gonte, M.D., opined that the diagnosis of left hip derangement is not related to the August 6, 2012, injury.

In its Order affirming the April 4, 2014, claims administrator's decision, the Office of Judges held that Mr. Jinnis did not sustain a compensable left hip injury on August 6, 2012. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated October 26, 2015.

The Office of Judges noted that Dr. Gonte opined that the diagnosis of left hip derangement is unrelated to the August 6, 2012, injury. Additionally, Dr. Thaxton arrived at the same conclusion. Moreover, Dr. Suleiman's diagnosis update request and treatment notes do not link Mr. Jinnis's left hip pain to the compensable injury. Finally, the Office of Judges concluded that Mr. Jinnis failed to submit any medical evidence supporting a causal connection between his

---

[2] As was previously noted, the record clearly demonstrates that Mr. Jinnis did not appeal the portion of the claims administrator's decision finding that the request to add left knee derangement as a compensable diagnosis is moot to the Office of Judges.

hip pain and the August 6, 2012, injury. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II